### SMITHSON v. ROBINSON.

(Supreme Court, Appellate Term.    January 21, 1910.)

1. CONTRACTS (§ 348*)—ACTIONS—BURDEN OF PROOF.

One suing for services under a contract has, on defendant denying the complaint, the burden of proof.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1754–1780; Dec. Dig. § 348.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.

A complaint alleging that for services performed defendant had agreed to pay plaintiff a specified sum if a certain play proved a success, and that for additional services and expenses incurred plaintiff was entitled to an additional sum, and that the play was successful, apprised defendant of the nature of the claim, and he was not entitled to a bill of particulars, except a statement from plaintiff as to whether the employment was oral or in writing, and the time and place of its making.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954, 962; Dec. Dig. § 317.*]

Appeal from City Court of New York, Special Term.

Action by Frank Smithson against Frank Robinson. From an order of the City Court of the City of New York, directing the service of a bill of particulars, plaintiff appeals.   Modified and affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Fromme Bros. (Morris Grossman, of counsel), for appellant.
Russell H. Robbins, for respondent.

PER CURIAM.   The complaint in substance alleges that for services rendered and to be rendered and performed defendant agreed to pay plaintiff $1,000 if a certain play proved a success; that for certain additional services rendered and expenses incurred plaintiff is entitled to $116; that the play was successful.   Defendant in substance generally denies the complaint.

The issues presented are simple.   The burden of proof is on the plaintiff.   Defendant is fully apprised of the nature of plaintiff's claim. If he shows, as he states, that he does not even know the plaintiff, he must succeed in the action.   Under the authorities, however, defendant may be entitled to a statement from plaintiff as to whether the employment was oral or in writing, and the time and place of the agreements on which he sues.

As so modified, the order should be affirmed, without costs of this appeal to either party.